UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ZACKERY,

    Petitioner,

v.   Case No. 8:04-cv-29-T-23MSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Zackery petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his conviction for first degree murder. The response (Doc. 5) is supported by numerous exhibits ("Respondent's Exhibit ___"). The respondent does not challenge the timeliness of the petition. Zackery challenges his conviction on grounds of ineffective assistance of counsel.

Zackery pleaded guilty pursuant to a negotiated plea agreement, in which the state agreed to waive the death penalty, and was sentenced to life imprisonment without parole. Zackery filed no direct appeal.

Zackery filed a state Rule 3.850 post-conviction motion in which he raised three grounds for relief. The trial court denied ground three of the motion and directed the state to respond to the two remaining claims. Following an evidentiary hearing, the trial court entered a final order denying grounds one and two. The appellate court affirmed the denial of Zackery's Rule 3.850 motion. Zackery's Section 2254 petition followed.

## **STANDARD OF REVIEW**

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the

> "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Zackery has the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the findings of fact in the trial court's rejection of Zackery's post-conviction claims of ineffective assistance of counsel (Orders Denying Motion for Post-Conviction Relief, Respondent's Exhibits 8 and 14).

### **INEFFECTIVE ASSISTANCE OF COUNSEL**

Zackery claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th

Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims.  According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.  Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.").  The Strickland standard applies with equal force even when the claim of ineffective assistance of counsel is in the context of a guilty plea.  Hill v. Lockhart, 474 U.S. 52 (1985); Agan v. Singletary, 12 F.3d 1012 (11th Cir. 1994).  However, regarding the performance prong of the standard, "counsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between

accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690. Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," a petitioner must demonstrate that error by counsel prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Zackery must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91. Zackery cannot meet the burden of Strickland by showing that, in hindsight, the avenue chosen by counsel proved ineffective:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

**Ground One**

Zackery contends his attorney rendered ineffective assistance by misadvising him on the availability of an affirmative defense and by failing to investigate a voluntary intoxication defense. Zackery presented this claim to the state court in his Rule 3.850 motion. Following an evidentiary hearing, the state court denied relief as follows:

> As to whether counsel was ineffective for failing to inform Defendant of the voluntary intoxication defense, counsel testified that he did tell Defendant of the defense. He further testified that Defendant gave him several names of potential witnesses to investigate in support of the defense, obtained a psychological profile of Defendant to demonstrate his chronic drug-induced state, and had Defendant provide a timeline of his life. However, Defendant testified that he did not hear about the defense until he was in prison. Defendant did acknowledge on cross-examination that counsel questioned him regarding his drug use and that he supplied counsel with the names of several witnesses. As such, the Court finds that his attorney did counsel Defendant regarding the voluntary intoxication defense.

> As to the issue of whether counsel was ineffective in failing to investigate and depose several witnesses whose names Defendant gave to counsel . . .[t]he Court finds that counsel investigated the aforementioned witnesses and "counsel determined that the witnesses['] testimony would not be helpful, that the witnesses were unavailable, or that they did not exist." King v. State, 766 So.2d 329 (Fla. 3d DCA 2000).
>
> Defense counsel testified that he followed up on investigating each witness Defendant named, although he could not always locate the witness. Counsel further testified that his conversations with [a witness] indicated that her testimony would have hurt Defendant's case, although the content of the conversation could not be revealed due to client attorney privilege. One of the witnesses, . . . , Defendant's cousin, testified at the evidentiary hearing that a representative of the Public Defender's Office did not contact him. He also testified that although he observed Defendant the day before the murder intoxicated, he did not see Defendant the night of the murder. Therefore, Defendant did not suffer any prejudice because counsel did not take his deposition since the witness could not testify as to Defendant's intoxication on the night of the offense. It is also noted that Defendant's investigator on this post-conviction matter could not locate [two witnesses].

(Respondent's Exhibit 8 at 115-16) (names of witnesses omitted). To obtain relief on ground one, Zackery must establish that the state court unreasonably applied Strickland[1] or unreasonably determined the facts in denying Zackery's Rule 3.850 motion.

Zackery presents no evidence that demonstrates entitlement to relief. See Hill v. Lockhart, 474 U.S. at 52 (conclusory allegations presented in support of an ineffective assistance of counsel claim are insufficient to raise a constitutional issue); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim). The

---

[1] Although the state trial court failed to cite Strickland as the applicable legal standard for analysis of Zackery's ineffective assistance claim, an explicit citation is not required. A state court need not cite Supreme Court precedent, or even be aware of it, so long as the decision is consistent with the precedent. Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y of Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003). In Florida, Strickland governs evaluation of ineffective assistance of counsel claims. Walls v. State, 926 So.2d 1156 (Fla. 2006).

record supports the state court's denial of this claim and Zackery offers no facts or legal authority to support his allegations.[2]  Zackery has not met his burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

**Ground Two**

Zackery claims his counsel rendered ineffective assistance by advising Zackery to plead guilty before the trial court ruled on his pending motion to suppress.  Zackery presented this claim to the state court in his Rule 3.850 motion.  Following an evidentiary hearing, the state court denied relief as follows:

> As to Defendant's remaining claim, that counsel was ineffective in advising Defendant to plead guilty prior to obtaining a ruling on a pending motion to suppress, counsel testified that Defendant heavily participated in the case, carefully considered his defense team's advice, and asked many questions.  He further testified that he discussed with Defendant that if they went forward with the motion to suppress and were not successful that the State would not be conducive to plea negotiations and that Defendant understood that by accepting the plea agreement, he would waive the suppression hearing.  Further, counsel testified that the motion was not dispositive and that the State could still connect Defendant to the murder with the convenience store videotape, the testimony of the bar patrons, fingerprint evidence, and his flight immediately following the offense.  Consequently, based on the Court's finding that counsel's testimony was more credible than that of Defendant, the Court finds that Defendant agreed that he would ple[a]d and that the suppression hearing would be waived.

(Respondent's Exhibit 8 at 116-17).

Zackery neither presents evidence to refute the trial court's findings nor does he allege circumstances to support the conclusion that he particularly emphasized the outcome of his motion to suppress in deciding whether to plead guilty.  Zackery has not met his burden of presenting clear and convincing evidence to overcome the

---

[2] Zackery did not file a supporting memorandum of law with his Section 2254 petition.

presumption of correctness of the trial court's finding that he agreed to plead guilty and waive the suppression hearing. See 28 U.S.C. § 2254(e)(1). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). Zackery fails to establish that the trial court's denial of this claim of ineffective assistance was either contrary to or an unreasonable application of Strickland or resulted in a decision based on an unreasonable determination of the facts.

## **EXHAUSTION AND PROCEDURAL DEFAULT**

The respondent correctly argues that ground three is both unexhausted and procedurally barred. A federal habeas petitioner must exhaust all available state court remedies for challenging his conviction, either on direct appeal or in a state post-conviction motion, before a federal court may grant habeas relief to a state prisoner. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. at 842. See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot present a federal constitutional claim in federal court unless he first properly presented the claim to the state courts) (citations omitted)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the

question presented." Pruitt v. Jones, 348 F.3d 1355, 1358 (11th Cir. 2003).  A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d at 1358-59 (quoting O'Sullivan v. Boerckel, 526 U.S. at 845).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).  Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Smith v. Jones, 256 F.3d at 1138.  To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). See also Murray v. Carrier, 477 U.S. 478 (1986).  To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).  In other words, he must show at least a reasonable probability of a different outcome. Henderson v. Campbell, 353 F.3d at 892; Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Without a showing of cause or prejudice, a petitioner may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a

fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Murray v. Carrier, 477 U.S. at 495-96; Henderson v. Campbell, 353 F.3d at 892.  "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent."  Henderson v. Campbell, 353 F.3d at 892.  This exception requires a petitioner's "actual" innocence.  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).  To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error.  Schlup v. Delo, 513 U.S. 298, 327 (1995).

**Ground Three**

Zackery contends his attorney, a public defender, rendered ineffective assistance by continuing to represent him during the Public Defender's representation of a state witness charged with separate offenses in another case.  The respondent correctly argues that this claim is unexhausted and procedurally barred.

Zackery raised this claim in his Rule 3.850 motion but failed to include the claim on appeal.[3]  A petitioner must exhaust the claims presented in a federal habeas corpus petition in the state courts before asserting those claims in a Section 2254 petition.  28 U.S.C. § 2254(b)(1); McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005).  To exhaust a claim, a petitioner must have presented the state court with the particular legal basis for relief in addition to the facts supporting the claim.  Kelley v. Sec'y for

---

[3] Zackery raised on appeal a related claim of trial court error.  Zackery argued that the trial court erred at the evidentiary hearing on his Rule 3.850 motion by not addressing him regarding the alleged conflict and by failing to determine whether the witness gave the Public Defender privileged information adversely affecting Zackery's case.  Zackery also claimed on appeal that the trial court failed to question him about waiving his right to conflict-free counsel.  Zackery did not challenge the denial of his claim of ineffective assistance of counsel, the claim he presented to the trial court in his Rule 3.850 motion.

- 11 -

Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004).  A petitioner must present a claim to the state court so that the state court has the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Kelley v. Sec'y for Dep't of Corr., 377 F.3d at 1344 (quoting Picard v. Connor, 404 U.S. 270, 277 (1971)).  See also Snowden v. Singletary, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).  The prohibition against raising non-exhausted claims in federal court extends to both broad legal theories of relief and a specific factual contention that supports relief.  Kelley v. Sec'y for Dep't of Corr., 377 F.3d at 1344.

Zackery failed to appeal the denial of this ineffective assistance of counsel claim. Consequently, Zackery deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. at 845.  A federal court cannot grant a habeas petition by a state prisoner unless the petitioner has exhausted his available state court remedies.  Snowden v. Singletary, 135 F.3d at 735.  Zackery's failure to appeal the trial court's denial of this claim renders the claim unexhausted for purposes of federal review.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (Florida state remedies are exhausted after appeal to the district court of appeal from denial of a collateral attack upon a conviction).

However, Zackery cannot challenge the denial of this claim in state court because the claim is procedurally barred.  Because Zackery should have presented his

claim to the state appellate court on appeal of the denial of his Rule 3.850 motion, Zackery's federal claim is procedurally barred from review in the state courts. <u>See</u> Fla. R. Crim. P. 3.850(g).

Zackery presents no argument to demonstrate cause and prejudice that would excuse his default. Zackery has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Because Zackery fails to proffer specific facts showing an exception to procedural default, <u>Hill v. Jones</u>, 81 F.3d 1015 (11th Cir. 1996), ground three is procedurally barred.

Accordingly, Zackery's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Zackery and close this action.

ORDERED in Tampa, Florida, on August 7, 2007.

_/s/ Steven D. Merryday_
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE